ROBERT L. BLAND, Judge.
In this proceeding claimant, The Honorable W. L. Mills, an incumbent member of the West Virginia House of Delegates from McDowell county, seeks an award against the state road commission for the sum of $315.00 to compensate him for damages to his automobile in a mishap which occurred while he was driving on a state highway in Mercer county. Upon the hearing of his claim he decsribed the circumstances attending the accident in the following language:
“On June 29, 1951, on the night of June 29, I was on my way from Kimball to Princeton, and on Route 52, near Maybe ury, West Virginia, just as we start up grade from going out of Maybeury, I was going up the road and I came up on some dirt, where the grader had been grading along and thrown it up on the edge of the concrete, and I was running to the left hand side of that with one wheel near the center line, maybe over the center line, of the road, but I met some traffic and it was raining and the oncoming car looked to me like it was pushing me close and I had to either get into this ridge of dirt or let the car hit me, so I drove into the ridge of dirt. I don’t know whether there was a rock or what there was in it, but as I hit in it something started sliding the wheel and *118 I undertook to stop from hitting the ditch, but mud on the road made it slick and I hit into the ditch and tore the side of the car up. That is all there was to it.”
The evidence upon the investigation of the claim was signally conflicting. It was, however, well established that on the afternoon prior to the occurrence of the accident employes of the state road commission were engaged in cleaning out the ditch running along the side of the highway. In the course of this work dirt from the ditch was thrown on the outer edge of the paved highway forming a ridge. It was this windrow of dirt that claimant observed and ran into, causing the damage to his automobile of which he complains.
It may be well to observe at this juncture that the court of claims has heretofore announced and applied the following rule in the prosecution of claims against the state.
“The burden of proof rests upon a claimant in the court of claims to show his claim against the state, or any of its agencies, to be meritorious and one for which the Legislature should make an appropriation of the public revenues in his favor for the satisfaction of such claim, and upon failure to successfully carry such burden, an award will be denied and the claim dismissed.”
It seems from the evidence that employes of the road commission are in the habit of discontinuing work about four o’clock in the afternoon, and had done so upon the afternoon preceding the occurrence of claimant’s accident.
Respondent attempted to show that the entirety of the dirt ridge had been removed from the highway before its employes discontinued work at four o’clock on the afternoon of Friday. Claimant’s accident occurred between ten thirty and eleven o’clock on Friday night. One witness from the state of Virginia, who traveled the highway regularly in the course of his employment, testified that he passed the point where the mishap is alleged to have occurred and saw no dirt on the highway. Another witness, whose daily custom was to travel the highway in question at frequent intervals also testified that he passed the point *119 where the mishap is supposed to have occurred about four o’clock in the afternoon of Saturday and saw no dirt on the road. Two graders, employes of the road commission, who had been engaged in cleaning out the ditch alongside the highway, testified that before they quit work on Friday afternoon they had removed all of the ridge of dirt which had been taken out of the ditch. It is difficult for the court to reconcile this conflicting testimony. There can be no question in the minds of the members of the court, after listening to all of the evidence and the frank, honest and straightforward manner in which claimant presented his case and the fact that his automobile was actually damaged to the extent that he was obliged to expend the sum of $315.00 for its repair and removal, that claimant was testifying to what he believed to be the truth, the whole truth, and nothing but the truth.
If the ridge of dirt had been removed by four o’clock on the afternoon preceding the night of the occurrence of the accident, it would be hard to understand how the presence of the windrow of dirt could have been responsible for the mishap. But all of the testimony in relation to the damage done to the car and the removal of the automobile from the point where the mishap occurred would seemingly afford strong corroborative proof of claimant’s version of the accident. But whatever the truth may actually be, the question which addresses itself to the court for determination is whether or not, upon the actual showing made by the claimant, an award could properly be made in his favor in this proceeding. Claimant apprehended that an oncoming car might strike him. He was fearful that this would occur and in order to avoid it he deliberately drove his car into the ridge of dirt. There was ample room for claimant to travel in safety notwithstanding the existence of the ridge of dirt. The oncoming car passed claimant without stopping. There was room on the highway for both claimant’s car and the oncoming car to use the highway in safety.
We believe that upon sober reflection claimant himself will conclude that his claim is not such a claim as would justify the Legislature in making an appropriation of the public revenues in his favor.
*120 Being of opinion that claimant has not sustained the burden which rests upon him to establish his claim, an award is denied and the claim dismissed.